UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRADY WHITE,

     Plaintiff,

v.

MICHELLE VIEAU, et. al.,

     Defendants.

Case No. 26-cv-11393

Honorable Robert J. White

**OPINION AND ORDER TRANSFERRING THE CASE TO THE
WESTERN DISTRICT OF MICHIGAN**

_____

Plaintiff Grady White is presently incarcerated with the Michigan Department of Corrections at the Cooper Street Correctional Facility in Jackson, Michigan. He commenced this 42 U.S.C. § 1983 action claiming that prison officials failed to provide him with adequate medical care for severe chest pain while he was incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan. For the following reasons, the case is transferred to the United States District Court for the Western District of Michigan.

When federal jurisdiction is not based solely upon diversity of citizenship, venue is proper in (1) the judicial district where any defendant resides, if all of the defendants reside in the same state, (2) the judicial district where a substantial part

1

of the events or omissions giving rise to the claim occurred, or (3) the judicial district where any defendant may be found, if there is no other district in which the action may be brought. *See Bunting ex rel. Gray v. Gray,* 2 F. App'x 443, 448 (6th Cir. 2001); *see also* 28 U.S.C. § 1391(b).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  The district court may transfer venue *sua sponte*. *See Carver v. Knox Cnty., Tenn.,* 887 F.2d 1287, 1291 (6th Cir. 1989).

In deciding whether to transfer venue, a district court "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). Typically, a district court must "weigh the relevant factors and decide whether, on balance, a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice." *Id*. at 62-63 (quotation omitted).  The United States Supreme Court lists those factors as follows:

> [Private-interest factors] include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."  Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the

2

trial of a diversity case in a forum that is at home with the law."  The Court must also give some weight to the plaintiffs' choice of forum.

*Id.,* at 62, n. 6 (internal citations omitted).

The convenience of the parties and witnesses, as well as the interests of justice, weigh in favor of transferring the case to the Western District of Michigan.

All the events allegedly occurred at the Kinross Correctional Facility, which is in the Northern Division of the Western District of Michigan. 28 U.S.C. § 102(b)(2).  Prison records would be more easily transported to the court in the Western District and the court's subpoena power could be exercised more effectively in that district.  There is no connection to this district and the expenses and inconvenience to the parties and the witnesses of trying the case in the Eastern District greatly outweigh White's initial election of the present forum.  So the interests of justice favor transferring this case to the Western District of Michigan. *see, e.g., Sullivan v. Tribley*, 602 F. Supp. 2d 795, 800–01 (E.D. Mich. 2009); *see also Simpson v. Prison Health Servs.,* No. 09-14354, 2009 WL 3837886, at *1 (E.D. Mich. Nov. 12, 2009) (venue not proper in the Eastern District of Michigan for prisoner's medical claims because none of the defendants resided in the Eastern District of Michigan, no substantial part of the events giving rise to the prisoner's medical claims took place here, and this was not a case where no other district is available).

Because White fails to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in this district, venue is more appropriate in the Western District of Michigan. *See Miles v. WTMX Radio,* 15 F. App'x 213, 215 (6th Cir. 2001).  Accordingly,

IT IS ORDERED that the Clerk of the Court is directed to transfer the case to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

s/Robert J. White_____
Robert J. White
Dated: May 14, 2026                    United States District Judge

4